## ACTION FOR BREACH OF WARRANTY OF GOODS.

### Circuit Court of Lucas County.

### VOORHEES RUBBER COMPANY v. UNION SUPPLY COMPANY.

#### Decided, June 26, 1909.

*Evidence—Objections to Questions Should be Made before Answered— Traveling Salesman—Services by, Outside of Regular Line of Work—Warranty of Goods—Custom—Contracts.*

1. It is not correct practice to postpone an objection to a question until it develops what the answer will be, and then move to strike the answer out; and where it becomes necessary to move to strike out part of an answer, the motion should clearly state what part of the answer is embraced therein, or it will be the duty of the court to overrule the motion.

2. While it is true that a traveling salesman, charged only with the duty of selling goods, has no power to modify a contract made for his employer, it is possible that he has rendered services for his employer in the way of adjusting differences which may have arisen or in completing the contractual relation, which are not within his ordinary line of duty.

3. The same rule which permits a buyer to sue on a breach of warranty without first returning the goods, also relieves him from the necessity of shipping out the goods which he still has remaining on hand with the accompanying risk of injury to his trade, after a reasonable test has made it apparent that the goods are of inferior quality.

4. While custom may aid in construing a contract, and parties will be considered as having entered into a contract with reference to an

established custom, yet custom can not be substituted for the plain provisions of the contract.

*H. J. Chittenden* and *C. W. Kirkley,* for plaintiff in error.
*E. E. Davis,* contra.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

Jury waived and tried to the court. The errors relied on are, first, admitting incompetent evidence; second, excluding competent evidence; and third, verdict contrary to the evidence. We have examined the record with care, and if counsel will read the record with equal care we think they will see that the claims urged in argument as to the errors of the trial court on matters of evidence are not sustained by the record in this, that the objections and motions to strike out are not timely or properly made. We do not regard it as correct practice to defer objecting to a question or answer until after counsel sees what the answer is to be, and then object and move to strike it out. Where a question calls for conversation which is regarded as incompetent evidence, counsel may not delay objecting until the conversation is given, and then if found to be undesirable object and move to strike out. When a motion is made to strike out evidence the motion should state clearly what part is asked to be stricken out; otherwise the motion should be denied. Counsel would have some difficulty in this case in designating just what was embraced in certain motions of this kind that were made.

The contention of counsel for plaintiff in error that a traveling salesman whose duty is only to sell goods has no power to modify a contract made for his employer is correct as a general proposition. But it is not necessary to hold that Mr. English had power to modify the contract between the parties in order to sustain the decision of the trial court. That he performed services for his employer in connection with completing the contractual relations between the parties and later on, in adjusting differences that arose, somewhat out of the ordinary duties of a traveling salesman, is clearly manifest. As general sales manager he seems to be about the only one speaking for his corporation employer, except one Mr. Covalt, occupying a like position and performing similar services.

With the element of express warranty as to the quality of these goods, the defendant in error needed no modification on which to base an action for breach of warranty. Counsel are familiar with the case in 39 O. S., 671, and other decisions of our Supreme Court, that where there is an express warranty the buyer does not need to return the goods in order to recover for breach of warranty. That there was an express warranty in this case we think was clearly shown, and that there was a breach of that warranty was established by the evidence presented by the defendant in error. The tests made by the defendant in error were sufficient to show that the goods were of inferior quality. It was not the duty of the defendant to further demoralize its own business by shipping out to its customers for trial the remainder of the goods, as the only method of demonstrating their unfitness for use. Such a course could not benefit either party to the contract.

Much of the evidence offered on the trial for the purpose of establishing a custom which was claimed would have defeated the counter-claim was properly excluded by the trial court. We think even more of it might have been excluded. We do not see how the custom contended for could in any way be permitted to contradict the contract between the parties. Custom often aids in construing a contract, but it can not be substituted for the plain provisions of a contract at variance with the terms of the custom. In order to maintain that one party to a contract has empowered the other party to the contract to decide any and all questions which might arise between them touching the subject-matter of the contract, we are inclined to think the party making such claim would need something stronger than a custom of the trade. We are not unmindful of the wonderful scope sometimes given to this doctrine that parties must have entered into a contract with reference to the well known and fully established custom, but we are not aware of any well considered case extending the doctrine to the length contended for here.

We find no prejudicial error in the record, and the judgment of the court of common pleas will be affirmed.